But the Court

held that no such averment was necessary in the narr; because if the committee of trustees were of a contrary opinion, it was a matter of defence to be alleged on the other side, and not iiecessary to be negatived, or denied in advance by the* plaintiffs in their declaration; for the exception was byway of proviso, or a distinct condition following the covenant to repair, and was not incorporated in it. There were certain well-settled principles of pleading which applied, in such cases; the first of which was, that every written instrument, if not set forth in heec verba, must be stated according to its legal effect and operation, and the perfection of pleading is said to consist in combining brevity with the requisite certainty and precision ; and the second is, that matter which should more properly come from the other side, need not be alleged or denied by way of anticipation. There is also another rule, which distinguishes, in this respect, between an exception, condition, or proviso which qualifies the liability of the party, or exempts him from responsibility altogether, when it occurs in the same general clause of a statute, or in the same general clause of a written instrument, or covenant, and is so blended and identified with it, that it' cannot be separated from it, or read without noting the qualification, or exception* and when it occurs in a subsequent and distinct clause, or proviso of the statute, or instrument. In the former case, the party relying on such general clause, with the exception or qualification so embodied in it, must in pleading state it with the exception, or qualification, *453 and negative, or deny that the opposite party falls within it; hut in the latter ease this is not necessary, for he need not notice the exception, hut may leave it to the other side, if he relies upon it as a defeasance, or a defence to the action, to plead it and show that his case is embraced in the exception. The present case falls within the latter branch of this rule, and the objection of the defendant, therefore, is not well taken.
T. F. Bayard, for plaintiffs.
Rodney, for defendant.